IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| BRUMAN STALIN ALVAREZ, #257455, | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: WDQ-10-179 |
| CORRECTIONAL MEDICAL SERVICES, INC., et al. | * | |
| | * | |
| Defendants. | | |

\*\*\*

MEMORANDUM OPINION

Bruman Stalin Alvarez sued Correctional Medical Services, Inc. ("CMS"), Barbara Steele, and John Moss, P.A., ("the Defendants") under 42 U.S.C. §1983 for violating his Eighth Amendment rights. Pending are Alvarez's motions for a preliminary injunction and the Defendants' motion to dismiss or for summary judgment. ECF Nos. 19, 21 & 27. No hearing is necessary. See Local Rule 105.6 (D. Md. 2010). For the following reasons, Alvarez's motions for preliminary injunctive relief and the Defendants' motion to dismiss or for summary judgment will be denied. Alvarez's motion for appointment of counsel will be granted.

I. Background[1]

Alvarez is an inmate at the Jessup Correctional Institution ("Jessup"). Compl. ¶ 3. Between 2002 and 2007, he complained to Dr. Motti Mulletta and Moss about pain in his left knee.[2] *Id.* § IV.[3] Dr. Mulletta and Moss prescribed analgesics and recommended physical

---

[1] In reviewing the motion for summary judgment, Alvarez's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[2] CMS did not accept service on Dr. Mulletta's behalf, as he is no longer a CMS employee.

therapy, but Alvarez's pain continued. *Id.*, Ex. 1; Defs.' Mot., Ex. A. On November 28, 2007, an MRI of Alvarez's knee was taken, revealing a tear of the lateral meniscus. Defs.' Mot., Ex. A at ¶ 10. Alvarez was given more analgesics and continued to complain of pain. *Id.*

On April 1, 2008, Alvarez had surgery on his knee. *Id.* ¶ 12. The surgery was performed by Dr. Craig Bennett at the James L. Kernan Medical Center. *Id.* At an April 18, 2008 post-surgery follow-up, Dr. Nadim Hallal of the University of Maryland Medical Center Orthopaedic clinic stated that Alvarez might need a lateral meniscus implant to prevent degenerative joint disease. *Id.* Between April 2008 and April 2009, Alvarez continued to complain of knee pain and swelling to Mulletta and Moss and asked to again see an orthopaedic specialist. *Id.* ¶¶ 13-19.

In January 2009, Alvarez met with Steele, Jessup's hospital supervisor, about his knee pain. He states that he told Steele that doctors had recommended a meniscus implant and that she denied the request because she did not understand why a doctor would recommend a new medical procedure, which would cost $40,000, for an inmate. ECF No. 26 at 5. But, Steele assured him that she would process the request for approval if Alvarez dropped an administrative remedy procedure ("ARP") grievance he had previously filed against Moss, which Alvarez refused to do. *Id.*[4]

On October 18, 2009, Alvarez was seen again by Dr. Bennett, who recommended the meniscus implant surgery. *Id.* On November 2, 2009, Alvarez slipped in the shower and

---

[3] Alvarez's claims concern the Defendants' failure to provide adequate follow-up treatment after his April 2008 knee surgery. His claims are not time-barred, and the Defendants' motion will not be granted on that basis.

[4] On September 19, 2008, Alvarez filed an ARP grievance alleging that Moss refused to treat his knee pain. The grievance was later dismissed. ECF No. 27, Ex. at 8-9.

injured his right knee. Compl. § IV. He attributes the fall to Moss's failure to treat his left knee or provide a left knee stabilizer. *Id.* After the fall, Alvarez experienced pain in both knees. *Id.*

Alvarez was scheduled for meniscus implant surgery on April 23, 2010 and May 7, 2010, but both surgeries were cancelled because Dr. Bennett did not have the correct implants. Defs.' Mot., Ex. A at ¶ 30. On September 3, 2010, Alvarez received the meniscus implant. ECF No. 27 at ¶ 3.

On January 25, 2010, Alvarez sued the Defendants, alleging that he suffers from limited movement in his knee because of the delay in receiving the meniscus implant, and seeking compensatory and punitive damages and injunctive relief. ECF No. 1. On May 10, 2010, the Defendants filed their motion to dismiss or for summary judgment. ECF No. 19.

II. Analysis

    A. Standard of Review

        1. Preliminary Injunction

Preliminary injunctive relief is an extraordinary remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain such relief, the movant must show that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Real Truth About Obama, Inc. v. Fed. Elec. Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (*quoting Winter v. Natural Resources Defense Council, Inc.*, 555 U.S 7, 129 S.Ct. 365, 374 (2008)). All four factors must be shown, and the movant bears the burden on each. *Id.* at 345-46.

        2. Summary Judgment

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the motion, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

B. Alvarez's Motion

Alvarez seeks preliminary injunctive relief to compel knee surgery and order an examination and plan of treatment by a qualified specialist. ECF Nos. 21 & 27. He argues that without such relief he will be irreparably harmed because, if he "does not receive proper treatment at the proper time, he may never walk normally again." ECF No. 27 at 6.

A plaintiff who shows only a "possibility" of irreparable harm is not entitled to preliminary injunctive relief because that showing is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to [it]." *Winter*, 129 S. Ct. at 375-76. Here, Alvarez provides no expert medical support for his claims of irreparable harm apart from his own assertions. Further, he

4

has not shown that he is likely to prevail on the merits, that the balance of equities tips in his favor, or that the relief sought serves the public interest. *See Real Truth,* 575 F.3d at 346-47 (movant must "make a clear showing that [he] is likely to succeed at trial on the merits" and bears the burden on all factors). Alvarez's motion for preliminary injunctive relief will be denied.

C. The Defendants' Motion

A constitutional claim for denial of medical care requires the plaintiff to demonstrate that the defendant was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The defendant must know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U. S. 825, 837 (1994).

Alvarez has stated facts showing genuine issues for trial on his Eighth Amendment claim. Although the Defendants note that problems beyond their control delayed off-site medical appointments, the undisputed evidence is that about two years passed between the orthopaedic surgeons' first recommendation of the meniscus implant and Alvarez's surgery, despite his continuing complaints. While awaiting the surgery, Alvarez injured his right knee in a fall he attributes to his improperly treated left knee. *See Harris v. Virginia,* 2008 WL 4145923, at *5 (E.D. Va. Sept. 8, 2008) (delay in treatment may violate Eighth Amendment when it exacerbates injuries). Further, Alvarez's statements about the Defendants' stated concerns about the surgery's cost raise questions whether their actions were deliberately indifferent. *See, e.g., Taylor v. Barnett,* 105 F. Supp. 2d 483, 489 n. 2 (E.D. Va. 2000) (prison officials may not make health care decisions "solely upon cost considerations without any medical rationale"). Summary judgment is not appropriate. The Defendants' motion will be denied.

III. Conclusion

For the reasons stated above, Alvarez's motions for preliminary injunctive relief and the Defendants' motion to dismiss or for summary judgment will be denied. Alvarez's motion for appointment of counsel will be granted.

February 24, 2011  
Date

/s/  
William D. Quarles, Jr.  
United States District Judge