IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BRUMAN STALIN ALVAREZ,                *

Plaintiff,                            *

v.                                    *       Civil No.: WDQ-10-179

CORRECTIONAL MEDICAL SERVICES,        *
INC., et al.
                                      *
Defendants.
                                    ***

## MEMORANDUM OPINION

Pending is Bruman Alvarez's request for clarification of the Court's Order, granting the Defendants' motion to dismiss. ECF No. 143. Corizon, LLC, f/k/a Correctional Medical Services, Inc. ("Corizon"), Barbara Steele, HAS ("Steele"), and John Moss, PAC ("Moss") (collectively, "the Defendants"), urge the Court to deny Alvarez's request for clarification. ECF No. 144.

I.   Background

The facts of this case are set out more fully in the Memorandum Opinion, Civil No. WDQ-10-179, 2014 WL 4686651 (D. Md. Sept. 16, 2014). On September 16, 2014, the Court issued a Memorandum Opinion and Order granting the Defendants' motion to dismiss, ECF No. 119. See ECF Nos. 141, 142. The Defendants sought dismissal of Alvarez's Amended Complaint against Corizon and Steele in its entirety, and partial dismissal of the Amended Complaint against Moss. ECF No. 119-1 at 2. The Defendants argued that Alvarez had alleged insufficient facts showing that Moss "personally participated" in the denial of medical care

"with respect to [Alvarez's] alleged right knee injury." ECF No. 119-1 at 10. Defendants did not, however, seek dismissal of Alvarez's Amended Complaint with respect to Moss's involvement in the medical care for Alvarez's left knee injury.

II.   Analysis

Under Federal Rule of Civil Procedure 60(a), the Court, "on motion or on its own, with or without notice," "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." *American Trucking Associations v. Frisco Transportation Co.*, 358 U.S. 133, 145, (1958) (*citing* Fed. R. Civ. Pro. 60(a)); *see also Musler v. Georgeff*, 212 F.R.D 287 (D. Md. 2003).

As there was no briefing about Moss's treatment of Alvarez's left knee injury, the Memorandum Opinion reference to--and Order dismissing--the entire complaint against Moss were in error. The Court will amend its Order to reflect that Moss is, as requested, entitled only to partial dismissal.

Accordingly, the Court will amend the first two full paragraphs (and related footnote 17) appearing on page 16 of its Memorandum Opinion, ECF No. 141, by adding the following clarification (underlined below):

> Alvarez has alleged insufficient facts showing Moss's personal involvement in the denial of medical care <u>for his right knee injury</u>. Alvarez alleges that Moss prescribed pain medication in response to his complaints of pain in his left knee and noted damage

to Alvarez's right meniscus following his fall in the shower. *See* ECF No. 114 ¶¶ 14, 27. Taken alone, these facts do not support the inference that Moss was deliberately indifferent to Alvarez's right knee injury or otherwise delayed his treatment.

Further, this Court rejects Alvarez's argument that the "Amended Complaint in its entirety alleges P.A. Moss's personal participation in Alvarez's treatment, or lack thereof of both his left and right knees. . . ." *See* ECF No. 127-1 at 9. Absent specific allegations concerning Moss's personal involvement, this Court may not "draw the reasonable inference that [Moss] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).[17] Moss is entitled to partial dismissal.

III. Conclusion

For the reasons stated above, Alvarez's lawsuit against Moss for his alleged treatment of Alvarez's left knee injury may proceed. A separate Order follows.

10/15/14
Date

William D. Quarles, Jr.
United States District Judge

---

[17] At most, in light of Moss's responsibility for inmate welfare, the Amended Complaint has alleged facts supporting Moss's negligence with regard to Alvarez's right knee. Deliberate indifference, however, requires more than mere negligence. *See Short v. Smoot*, 436 F.3d 422, 427 (4th Cir. 2006).